MEMORANDUM **
Avon Davies, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act (“PLRA”), 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review the district court’s application of substantive law de novo and its factual determinations for clear error, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), and we affirm.
The district court properly dismissed the action because Davies’s procedurally defective grievance did not constitute proper exhaustion. See Woodford v. Ngo, 548 U.S. 81, 83-84, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that the PLRA’s “proper exhaustion” requirement cannot be satisfied “by filing ... [a] procedurally defective administrative grievance or appeal.”). Further, Davies’s conclusory pleadings and submissions opposing the motion to dismiss were insufficient to show that prison officials frustrated his ability to grieve.
Davies’s contention that his claims should be exempt from the PLRA’s exhaustion requirement are unavailing. See Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that the PLRA’s exhaustion requirement applies to all inmate suits about prison life); Booth v. Churner, 532 U.S. 731, 739-41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (holding that exhaustion of available administrative remedies is mandatory under the PLRA).
Davies’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.